Opinion issued September 8, 2006




 







     





In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00012-CV 




IN RE TERESA BUDZYN, Relator




Original Proceeding on Petition for Writ of Mandamus




CONCURRING OPINION ON MOTION FOR REHEARING
            Although I concur in the denial of the motion for rehearing, I write to address
Budzyn’s contention that our original disposition in this case conflicts with the recent
opinion by the Beaumont court of appeals in In re Dalco, 186 S.W.3d 660 (Tex.
App.—Beaumont 2006, orig. proceeding), and the subsequent denial by the Texas
Supreme Court of Citibank’s petition for writ of mandamus in that case. 
          Citicorp, a global financial services company, has among its subsidiaries,
Citibank and Citicorp Credit Services, Inc. (“CCSI”). Citibank issues credit cards
and places its delinquent accounts for collection with CCSI, a credit card servicing
company. This arrangement requires Citibank to deliver confidential information
concerning its accounts and its collection practices to CCSI. CCSI is contractually
bound to maintain the confidentiality of the information it receives from Citibank.
CCSI places a certain volume of Citibank’s accounts with outside collection agencies,
such as Universal Fidelity Corporation (“Universal”). Citibank permits CCSI to
deliver certain confidential information to these agencies to facilitate collections. 
Pursuant to a contract between CCSI and Universal, Universal is bound to maintain
the confidentiality of the information it receives through CCSI. 
          From October 1998 to mid-January 2005, Kimberly Soard served as General
Counsel and Executive Vice President at Universal. Soard’s duties included
negotiating and drafting client agreements; directly supervising the legal department;
providing legal counsel to corporate officers, managers, and staff; managing legal
defense and settlement of federal and state collection-method violation claims against
Universal brought by debtors; and personally defending most lawsuits instituted
against Universal. Generally, when a debtor named both Universal and a client
creditor in a suit, there was joint representation in the defense—Soard, on behalf of
Universal, along with counsel for the client company. Soard was not directly
involved in the collection of delinquent accounts. 
          According to Citibank, Soard personally executed Universal’s 2002, 2004, and
2005 contracts with CCSI. Citibank alleges that, pursuant to these contracts, CCSI
delivered thousands of customer files, and confidential collections and settlement
information to Universal. Citibank alleges that the contracts Soard signed contained 
confidentiality provisions that prohibited anyone at Universal from disclosing or
using this confidential information without authorization from CCSI.
          Subsequent to Soard’s departure from Universal in January 2005, Soard agreed
to represent Budzyn in a suit by and against Citibank. In July 2005, Citibank learned
of Soard’s prior employment at Universal. On August 2, 2005, Citibank moved to
disqualify Soard on the grounds of breach of confidentiality and conflict of interest,
alleging that Soard was exploiting Citibank’s confidential information to its
disadvantage by using the information in representing a cardholder in a suit against
Citibank. On October 14, 2005, the trial court conducted a hearing on the motion to
disqualify. Citibank put on affidavit evidence and submitted the CCSI-Universal
contracts for in camera review. During the hearing, Citibank asked Soard if she
wished to view the documents being submitted for in camera review, and Soard
declined. On November 3, 2005, the trial court found that a breach of confidentiality
and conflict of interest existed, and granted Citibank’s motion to disqualify Soard. 
It is from this order that Budzyn seeks mandamus relief. On May 25, 2006, we denied
Budzyn’s petition for writ of mandamus.
          In her motion for rehearing, Budzyn contends that this Court should revisit its
denial of her petition for writ of mandamus because events in a parallel case
demonstrate that she is entitled to relief. Specifically, Budzyn contends that, during
the pendency of her mandamus petition in this Court, the Beaumont court of appeals,
in In re Dalco, 186 S.W.3d 660 (Tex. App.—Beaumont 2006, orig. proceeding),
resolved in her favor an “identical Writ for Mandamus Relief [sic] based upon mirror
issues,” and that the Texas Supreme Court denied Citibank’s petition for mandamus
relief in that case.


 Budzyn contends that, because Soard was not disqualified in
Dalco, Soard should not be disqualified in the instant case. Budzyn contends that this
Court’s disposition in the instant case, if permitted to stand, will result in “competing
decisions . . . between the Esteemed Court of Appeals for the 9th and 1st Districts of
the State of Texas.” I disagree. 
          The Texas Supreme Court’s denial of mandamus in Dalco does not have
precedential effect on the instant proceeding. See In re AIU Ins. Co., 148 S.W.3d
109, 118–19 (Tex. 2004) (orig. proceeding) (explaining that “this Court’s failure to
grant a petition for writ of mandamus is not an adjudication of, nor even a comment
on, the merits of a case in any respect, including whether mandamus relief was
available”). Thus, taking “judicial notice” of the supreme court’s denial would not,
as Budzyn urges, permit this Court to consider Dalco to be controlling in the instant
case. In addition, the opinion by the Beaumont court of appeals in Dalco is not
binding on this Court. 
          Furthermore, as the opinion in Dalco indicates, the contracts at issue were
presented to the Beaumont court of appeals for review; however, here, the contracts
at issue were not presented to this Court for review. Here, the record shows that, at
a hearing on the motion for disqualification, the trial court received the CCSI-Universal contracts for in camera review. Budzyn put on no evidence at the hearing;
rather, she simply maintained that Soard never signed any agreements that contained
confidentiality provisions.


 Subsequently, the trial court concluded that a breach of
confidentiality and conflict of interest existed, and ordered Soard disqualified. 
          In a mandamus proceeding, an appellate court is deferential to a trial court’s
factual determinations, unless they are shown to be arbitrary and unreasonable. 
Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex. App.—Houston [1st Dist.] 2003,
orig. proceeding). Budzyn asks this Court to hold that the trial court was unreasonable
in disqualifying Soard for breach of confidentiality and conflict of interest. However,
Budzyn failed in her burden to request that the CCSI-Universal contracts submitted
to the trial court be carried forward under seal to this Court for review. See Tex. R.
App. P. 52.7(a)(2); Walker, 827 S.W.2d at 837. Without the benefit of the complete
record submitted below, this Court cannot conclude that the trial court’s conclusion
to disqualify Soard was unreasonable. See Walker, 827 S.W.2d at 837. Budzyn has
failed in her burden to demonstrate a clear right to mandamus relief. See id. 
          Accordingly, I concur in the denial of the motion for rehearing. 
 
Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Hanks.
Justice Keyes concurring in the denial of rehearing.